UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY ROBINSON,

    Plaintiff,

vs.                                          Case No. 3:09-cv-1138-J-12TEM

MICHAEL ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.

## ORDER

This cause is before the Court on Defendant's [Unopposed] Motion to Remand (Doc. 15) filed April 12, 2010. Defendant asserts that "[t]he Commissioner of Social Security wishes to take further administrative action in this case." Doc. 15 at p. 1. Defendant asserts that this case is incomplete because the administrative record contains medical records belonging to another individual which the administrative law judge referenced and the Commissioner is unable to prepare a certified record. Id. at p. 2. Defendant seeks a sentence 6 remand for removal of the evidence pertaining to the other individual and further development of the record, including a new hearing and a new decision. Id.

The Court is permitted to remand a case to the Commissioner by way of two methods. A district court may remand either pursuant to sentence four or sentence six of 42 U.S.C. §405(g). Melkonyan v. Sullivan, 501 U.S. 89, 100, 111 S.Ct. 2157, 2164 (1991). In the instant case, the Commissioner seeks to remand the case pursuant to sentence six. Sentence six of § 405(g) provides in full:

> The court may, on motion of the Secretary made for good
> cause shown before he files his answer, remand the case to
> the Secretary for further action by the Secretary, and it may
> at any time order additional evidence to be taken before the
> Secretary, but only upon a showing that there is new
> evidence which is material and that there is good cause for
> the failure to incorporate such evidence into the record in a
> prior proceeding; and the Secretary shall, after the case is
> remanded, and after hearing such additional evidence if so
> ordered, modify or affirm his findings of fact or his decision,
> or both, and shall file with the court any such additional and
> modified findings of fact and decision, and a transcript of the
> additional record and testimony upon which his action in
> modifying or affirming was based.

Thus, sentence six permits remand in two situations. First, where the Commissioner moves for remand before filing an answer or second, where additional material evidence is required that was for good cause not presented before the administrative agency. See Shalala v. Schaefer, 509 U.S. 292, 295 n.2 (1993); Melkonyan, 501 U.S. at 100 n.2. In this case, the Commissioner filed his Motion to Remand (Doc. 15) prior to filing his answer and seeks to remove evidence pertaining to another individual from the record and to further develop the record, including conducting a new hearing and issuing a new decision. Additionally, Plaintiff does not oppose the remand. Accordingly, the Court finds sufficient good cause for remand pursuant to sentence six.

Therefore, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.  That Defendant's [Unopposed] Motion to Remand (Doc. 15) is granted;

2.  That Pursuant to sentence six of 42 U.S.C. §405(g) and §1383(c)(3), this cause is remand to the Commissioner of Social Security for further administrative proceedings, including removal of the evidence pertaining to another individual from the record and further development of the record, including a new hearing and a new

decision; and

      3.    That the Clerk shall close the case.

**DONE AND ORDERED** this ___21st___ day of April 2010.

                                                              */s/ Howell W. Melton*
                                                             Senior United States District Judge

Copies to:

Counsel of Record